HOFMANN & SCHWEITZER
Attorneys for Plaintiff
1130 Route 202 South, Ste A7
Raritan, NJ 08869
Tel: 908-393-5662

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------x
FRANK FELIX,                                                        Docket No.:
                Plaintiff,
                                                                    **VERIFIED COMPLAINT**
      -against-

WEEKS MARINE, INC.,
                Defendant.
------------------------------------------------------------------x

## JURY TRIAL DEMANDED

Plaintiff claims of the defendant damages upon the following causes of action:

### AS AND FOR A FIRST CAUSE OF ACTION - JONES ACT NEGLIGENCE AND UNSEAWORTHINESS

1. Plaintiff, Frank Felix, is and at all times relevant herein was a seaman within the meaning of that term as used in the Jones Act, 46 U.S.C. §30104.

2. Plaintiff is, and at all times relevant hereto was a resident of the State of Florida.

3. Defendant WEEKS MARINE, INC., (hereinafter "WEEKS") is a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, and which does business in the District in which this Honorable Court sits.

4. Defendant WEEKS is a foreign corporation doing business in the District in which this Honorable Court sits.

5. The jurisdiction of this Court over this First Cause of Action arises under and by

virtue of the Jones Act, 46 U.S.C. §30104, the General Maritime Law and the admiralty jurisdiction of the United States under 28 U.S.C. §1333 and the rules of pendant jurisdiction. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under Fitzgerald v. United States Lines Company, 374 U.S. 16 (1963).

6. On January 8, 2016, WEEKS owned a hopper dredge, in coastwise, inter-coastal and foreign commerce.

7. On January 8, 2016 WEEKS operated the hopper dredge.

8. On January 8, 2016 WEEKS possessed the hopper dredge.

9. On January 8, 2016 WEEKS maintained the hopper dredge.

10. On January 8, 2016 WEEKS managed the hopper dredge.

11. On January 8, 2016 WEEKS controlled the hopper dredge.

12. On January 8, 2016 WEEKS was the bareboat charterer of the hopper dredge in coastwise, inter-coastal and foreign commerce.

13. On January 8, 2016 WEEKS was the owner pro hac vice of the hopper dredge in coastwise, inter-coastal and foreign commerce.

14. On January 8, 2016, plaintiff was in the employ of defendant WEEKS, as a member of the crew of the vessel at the rate of pay and for the term set forth in his employment contract, and/or the shipping articles, with the entitlement to bonus, found and overtime.

15. On or about January 8, 2016 Frank Felix was performing the duties of a seaman.

16. On or about January 8, 2016 while the vessel was in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessel and the negligence, carelessness and/or recklessness of the defendant, was caused to sustain the serious injuries more specifically set forth hereunder.

17. On January 8, 2016 plaintiff, while in the course of his employment, and with the consent and knowledge of the defendant, was performing labors in furtherance of the vessel's owner's business. While in the process of so doing, plaintiff was caused to suffer serious and permanent injuries, including but not limited to a puncture wound to the left hand, osteomyelitis of the left ring finger, neurolysis of the radial ulnar digital nerves which led to severe infections, and which required several surgical procedures to treat, including but not limited to several debriedments of the left hand puncture wound and infection, A1 pulley release of the left ring finger; flexor tenosynovectomy of the left ring finger; closed manipulation of the left ring finger as well as biopsies of the digit, and such other and further injuries and sequelae as may be reflected in the medical records.

18. Defendant had a non-delegable duty to provide plaintiff a safe place to work.

19. Defendant had a non-delegable duty to provide plaintiff with prompt, adequate medical care.

20. Plaintiff's injuries were caused by the negligence, carelessness, recklessness of the defendant through its agents, servants, workmen and employees and by the

unseaworthiness of the vessel, and by the defendant's breach of its obligation to provide proper protective equipment, safe tools, training, warnings, safe and adequate equipment, safe means of performing assigned tasks and prompt and adequate medical care, treatment, maintenance and cure.

21. Solely by reason of the negligence, carelessness and/or recklessness of the defendant, and the unseaworthiness of the vessel as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured; he sustained injuries to his left upper extremity, his left ring finger; he sustained internal injuries, the full extent of which are not yet known; he was forced to undergo multiple surgeries in an effort to repair his injuries, and will, in the future, require further surgical intervention; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered, and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a loss of earnings.

22. By reason of the foregoing plaintiff was unable to pursue his ordinary course of employment and claims lost wages for the period of time he was, is and will in the future be unable to fully continue his employ.

23. By reason of the foregoing, plaintiff claims compensatory, punitive and pecuniary damages in an amount to be determined by the trier of fact.

## SECOND CAUSE OF ACTION - MAINTENANCE AND CURE

24. Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

25. Plaintiff claims of the defendants maintenance, cure and wages, and if warranted, punitive damages and attorneys fees, in such amount as may be determined by the Court upon the following cause of action:

26. The jurisdiction of this Court over this second cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

27. Because of plaintiff's injuries, as aforesaid, plaintiff is entitled to maintenance and cure which is unpaid and/or unprovided.

28. Plaintiff, by virtue of his service upon the said vessel, claims maintenance, cure and wages and, if warranted, punitive and exemplary damages and attorneys fees in an amount which the Court shall deem just and proper upon the trial of this cause.

29. All and singular, the premises contained in the second cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

**WHEREFORE** plaintiff demands judgment be entered, in each of the above causes of action, as against the defendant for compensatory, punitive and pecuniary damages, in an amount to be found by a trier of fact, for maintenance, cure and unearned wages as the Court may determine to be due and owing upon the trial of this case, and for such interest, costs,

punitive and exemplary damages and counsel fees as the Court may deem just and proper. Furthermore, plaintiff demands trial by jury on all issues so triable.

**ADDITIONALLY**, plaintiff prays:

1. That citation issue against defendants and to appear and answer all the matters aforesaid;

2. That this Honorable Court enter judgment for plaintiffs in accordance with sums to be determined by a trier of fact, together with interest, costs and counsel fees;

3. That judgment be entered against the defendants for compensatory and/or punitive damages in the amount found by the trier of fact, and for such other damages as the Court may determine to be due and owing upon the trial of this case, and for such interest, costs, and other damages and counsel fees as the Court may deem just and proper.

Dated: Raritan, New Jersey  
September 21, 2017

HOFMANN & SCHWEITZER  
*Attorneys for Plaintiff*

By: _____  
Dario Anthony Chinigo (DC0298)  
1130 Route 202 South, Ste. A7  
Raritan, NJ 08869  
Tel: 908-393-5662  
Fax: 212-465-8849  
Dariochinigo@hofmannlawfirm.com

```
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------x
FRANK FELIX,

                            Plaintiff,
                                                    PLAINTIFF'S
                                                    VERIFICATION
        -against-

WEEKS, LLC.,
                            Defendant.
------------------------------------------------------------------x
```

Pursuant to 28 U.S.C. § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am the Plaintiff in this matter. I have read the foregoing Complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated: 09.18.2017                              _____
                                                         Frank Felix

-7-